**Ernest DAGUE, Sr., Ernest Dague, Jr., and Betty Dague, Plaintiffs,**

v.

**CITY OF BURLINGTON, Defendant.**

### Civ. No. 85–269.

United States District Court, D. Vermont.

March 15, 1990.

William W. Pearson, Downs, Rachlin & Martin, Burlington, Vt., for plaintiffs.

Michael B. Clapp, Dinse, Erdmann & Clapp, Burlington, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On December 11, 1989 defendant moved, pursuant to Fed.R.Civ.P. 12 and 56 for dismissal and/or summary judgment as to Counts II, III and, in part, Count IV. Trial by court on defendant's liability as to these counts was held in May 1989 and with the exception of Count I this court found substantially for the plaintiffs. *See Dague v. City of Burlington*, 732 F.Supp. 458 (D.Vt. 1989). Nonetheless, defendant bases this late-hour motion solely on the Supreme Court's recent decision in *Hallstrom v. Tillamook County*, —— U.S. ——, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). For the forthcoming reasons, the court concludes that *Hallstrom* does not mandate dismissal of these counts; therefore, the defendant's motion is DENIED.

## I. BACKGROUND

On October 8, 1985 plaintiffs sent letters by first-class mail to the Environmental Protection Agency (EPA), the State of Vermont, and the defendant City of Burlington alleging that the defendant was operating its landfill in violation of the Resource Conservation and Recovery Act (RCRA) 42 U.S.C.A. §§ 6901–6992k (1983 & Supp.1989) and the Clean Water Act (CWA), 33 U.S.C.A. §§ 1251–1387 (1986 & Supp.1989). In particular, plaintiffs alleged in the letters that the defendant was violating 42 U.S.C. §§ 6925, 6930, and 6945 of RCRA and 33 U.S.C. §§ 1311, 1317, and 1342 of the CWA. The next day plaintiffs filed suit in this court.[1]

---

1. Defendant does not argue that the letters reached the appropriate parties after the commencement of the civil action. *See* 40 C.F.R.

Count I of plaintiffs' complaint accuses the defendant of violating the notice and permit requirements for hazardous waste disposal contained in 42 U.S.C. §§ 6925(a) and 6930(a) and their corresponding regulations. Count II charges defendant with violating the open dumping prohibitions of 42 U.S.C. § 6945 and the regulations promulgated thereunder. Count III claims, pursuant to 42 U.S.C. § 6972(a)(1)(B), that defendant is disposing of solid or hazardous wastes in a manner in which "may present an imminent and substantial endangerment to health or the environment." Count IV contends that defendant is violating 33 U.S.C. §§ 1311, 1317, and 1342 by discharging toxic and other pollutants into a navigable waterway without a permit. Counts V through IX allege various Vermont common law and statutory violations which are not at issue in the motion now before the court.

In May 1989, trial by court was held on defendants liability under Counts I through V; the court subsequently issued its Findings of Fact, Opinion, and Order. *See* 732 F.Supp. 458 (D.Vt.1989). In short, this court found that the plaintiffs had failed to prove the allegations of Count I but had sufficiently established liability under Counts II, III, IV, and V. Indeed, the court concluded that the plaintiffs had substantially prevailed on both the RCRA and the CWA claims and thus the defendants were ordered to pay the costs of litigation pursuant to 42 U.S.C. § 6972(e) and 33 U.S.C. § 1365(d).

Moments prior to the court's hearing on reasonable attorneys' fees, however, the defendant, relying on the recent decision of *Hallstrom v. Tillamook County,* — U.S. ——, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), filed this motion requesting the court to dismiss Counts II, III, and in part, IV. In *Hallstrom,* the Court emphatically refused to depart from the literal meaning of the notice requirements of the citizen suit provisions of RCRA. Section 6972(b)(1)(A) prohibits actions brought under that section "prior to sixty days after the plaintiff has given notice of the violation" to the

Environmental Protection Agency (EPA), the State in which the alleged violation occurs, and the alleged violator. In light of this clear statutory language and plaintiffs' failure to give any notice, the Court dismissed the complaint despite the fact that the case has gone to trial and the district court had held that the defendant had violated RCRA. *Id.* 110 S.Ct. at 311.

The Court in *Hallstrom* buttressed its holding by noting that where Congress had determined that 60 days prior notice was unimportant, it had created exceptions. 110 S.Ct. at 309. The Court referred to 42 U.S.C. § 6972(b)(1)(A)(iii) which abrogates the 60–day notice provision for civil actions "respecting a violation of subchapter III." Subchapter III contains the RCRA provisions which address the identification, transportation, storage, and disposal of hazardous wastes. Because violations of subchapter III were not involved in *Hallstrom,* however, the Court did not confront the issue now facing this court of whether citizen plaintiffs must still provide 60 days notice as to non-subchapter III claims when they have properly filed a civil action which alleges a subchapter III violation involving the same facility. Nor did the Court in *Hallstrom* address the remaining issue presented here of whether failure to specifically allege an "endangerment," in a letter which purported to notify the defendant of various RCRA violations, is necessarily fatal to a "imminent and substantial endangerment" claim involving subchapter III.

## II. DISCUSSION

Defendant contends that Count II must be dismissed because that claim was not brought under subchapter III and thus is not subject to the relaxed notice provisions. In essence, the defendant requests this court to hold that when a citizen suit involves both hazardous waste (subchapter III) and other RCRA claims arising from one facility, only the hazardous waste claims may be brought without providing sixty days notice pursuant to § 6972(b)(1)(A). Under such a holding a citizen must choose between delaying 60

§ 254.2(c) (1989) (notice is considered served on date of receipt).

days before bringing the hazardous waste claim and thus bring all the claims simultaneously or filing the hazardous waste claim immediately after notice is given and then seek leave to amend the complaint to add the remaining claims after 60 days have passed. The court does not believe Congress intended either outcome.

Section 6972(b)(1)(A)(iii) excuses the 60-day notice requirement in "the case of an action under this section respecting a violation of subchapter III." Where both subchapter III and non-subchapter III violations are involved, however, the application of this provision is equivocal. It is not clear whether only the subchapter III claims may be brought without the 60-day notice or whether the non-subchapter III claims can also be brought as long as the civil action involves at least one subchapter III claim. Given this ambiguity it is appropriate to interpret the provision in a manner most compatible with the statute as a whole. *See Commissioner of Internal Revenue v. Asphalt Products Co.*, 482 U.S. 117, 121, 107 S.Ct. 2275, 2277–78, 96 L.Ed.2d 97 (1987); *Zeigler Coal Co. v. Kleppe*, 536 F.2d 398, 408–09 (D.C.Cir. 1976).

The interpretation most harmonious with the statute is that when a civil action involves or includes a subchapter III claim the 60-day notice provision is inapplicable. This broad reading of an "action … respecting a violation of subchapter III" comports with Congress' two justifications for the 60-day notice requirement. First, the 60-day notice provision allows government agencies to take the lead role in enforcing environmental regulations. *Hallstrom,* 110 S.Ct. at 310. Second, the notice provision preserves a non-adversarial climate in which the alleged violator is given an opportunity to comply with the Act. *Id.* Neither of these justifications would be furthered by selectively dismissing those counts of this civil action which do not involve subchapter III.

As to the first concern, Congress has determined that when hazardous wastes are involved the interest of encouraging a lead governmental enforcement role is sub-

stantially diminished. *See* 42 U.S.C. §§ 6972(b)(1)(A)(iii) and (b)(2)(A)(iii). It thus follows there is no need to maintain a window of opportunity for the government to take the lead enforcement role as to non-subchapter III claims when a citizen, acting as a private attorney general, has already lawfully assumed the lead role in bringing a subchapter III claim against the same facility. For that matter it appears unlikely that a governmental agency would pursue a non-subchapter III action when it has ignored the more compelling concerns of a potential hazardous waste violation involving the same facility.

Secondly, the filing of a citizen suit involving subchapter III immediately after notice is given effectively eliminates the opportunity for non-adversarial compliance with non-subchapter III regulations. It can hardly be maintained that the adversarial climate surrounding a civil action involving a subchapter III violation would behave like an isolated storm cloud and linger over only the filed subchapter III claim while allowing the sun to shine brightly on all other contacts between the alleged violator, the citizen, and the government agencies. In short, requiring a citizen who alleges both subchapter III and non-subchapter III violations of RCRA to bring piecemeal litigation will not at all serve the functions of the notice provisions.

In addition, interpreting "respecting a violation of subchapter III" as involving or including a violation of subchapter III comports with the Supreme Court's characterization of § 6972(b)(1)(A) as "abrogating the 60-day requirement when there is a danger that hazardous waste will be discharged." *Hallstrom,* 110 S.Ct. at 309. Moreover, the Court observed in *Hallstrom* that the citizen suit provisions for other environmental statutes authorize the filing of citizen suits "immediately in cases *involving* violations" of certain emission or effluent standards. *Id.* at 311 (emphasis added) (describing notice provisions of Clean Air Amendments of 1970, 42 U.S.C. § 7604(b) and Federal Water Pollution Control Act, 33 U.S.C. §§ 1365(b), 1317(a)). The notice provisions the Court was referring to in these statutes contain the same

operative words as the notice provision at issue here, to wit: an "action respecting" a violation; therefore, the Court's characterization is equally applicable in this case. Defendant's motion to dismiss Count II must thus be rejected.

Defendant also argues that the content of the letter failed to provide adequate notice of the alleged violations of Count III.[2] Count III alleges, pursuant to 42 U.S.C. § 6972(a)(1)(B), that the solid and hazardous waste disposal methods at the Burlington landfill "may present an imminent and substantial endangerment to health or the environment." A citizen suit cannot be brought pursuant to § 6972(a)(1)(B) unless the plaintiff first provides 90 days "notice of the endangerment" to the EPA, the State where the alleged violation occurs, and the alleged violator. § 6972(b)(2)(A). When the action is brought "respecting a violation of subchapter III," however, the 90–day notice provision is inapplicable and the plaintiff need only give prior "notice of the endangerment" to the appropriate parties. § 6972(b)(2)(A)(iii). Defendant concedes that Count III involves a subchapter III violation but argues that plaintiff did not provide specific "notice of the endangerment" as required by § 6972(b)(2)(A).

Indeed, the letter plaintiffs provided to the EPA, the State of Vermont, and the City of Burlington was not a paradigm of thoroughness. The letter fails to expressly allege either a violation of 42 U.S.C. § 6972(a)(1)(B) or that an "endangerment" existed. On the other hand the letter did state that the City of Burlington was operating its landfill in violation of RCRA and the CWA. In addition, plaintiff's letter cited to specific sections of subchapter III; thus, the defendant had notice that plaintiffs' allegations pertained to the disposal of hazardous wastes. Nevertheless, because the letter did not specifically allege an "endangerment" nor cite to § 6972(a)(1)(B) it technically did not comport with the notice requirement of § 6972(b)(2)(A)(iii) which demands "notice of the endangerment." *See also* 40 C.F.R. § 254.3(a) (1989) (notice should be sufficient to permit identification of the specific permit, standard, regulation, condition requirement, or order alleged to be violated). This defect was not cured by the fact that the plaintiffs, after filing the complaint, provided a copy to the defendant, the EPA, and the State of Vermont because the statute's clear language forbids a complaint to be filed until "after" notification of the "endangerment" is given. § 6972(b)(2)(A)(iii).

To the extent that the content of plaintiffs' letter failed to provide adequate notice of the "endangerment," however, *Hallstrom* does not mandate dismissal. The notice provision at issue in *Hallstrom* did not concern the exception to the 60 and 90–day notice provisions for citizen suits which involve a subchapter III claim. Congress created this exception because it determined that the need to respond immediately to RCRA violations involving hazardous wastes outweighed the interests of promoting initial agency action and voluntary, non-adversarial compliance by the alleged violator. *Hallstrom*, 110 S.Ct. at 309–10. Congress thus authorized citizens to bring a civil action involving subchapter III "immediately" after giving notice of the endangerment." 42 U.S.C. § 6972(b)(2)(A)(iii). Technically plaintiffs may provide this notice only one minute before they file their complaint and indeed in this case plaintiffs sent notice the day

---

2. The magistrate has previously held that plaintiffs provided proper notice prior to the filing of this civil action as required by § 6972(b)(2)(A)(iii). *See* Magistrates Report and Recommendation at 33, *Dague v. City of Burlington*, No. 85–269 (D.Vt. February 21, 1986), *adopted in toto*, Opinion and Order, (D.Vt. March 26, 1986). At that time the magistrate rejected defendant's argument that plaintiffs' civil action was subject to the 90–day notice provision. The defendant did not argue before the magistrate that the content of the letter failed to comply with the notice requirements of § 6972(b)(2)(A)(iii). Thereafter the defendant did not specifically object to the magistrates determination that notice was proper and this court adopted the magistrate's report *in toto*. Four years subsequent to the filing of the complaint defendant now contends for the first time that the content of the letter was insufficient.

before they filed their complaint. Thus, as a practical matter, notice in a subchapter III case accomplishes little else than notifying the appropriate governmental agencies and the alleged violator that the filing of a complaint by citizens is imminent. *See United States v. Environmental Waste Control, Inc.*, 710 F.Supp. 1172, 1190 (N.D. Ind.1989).

In contrast, in a non-subchapter III case—like that before the *Hallstrom* Court—specific notice is required to give the appropriate governmental agencies an opportunity to act and the alleged violator an opportunity to comply. *Hallstrom* is further distinguished by the fact that it involved the lack of notice altogether, while defendant here attacks the sufficiency of the letter which admittedly was provided. *See Hallstrom*, 110 S.Ct. at 307.

In light of the nominal value of prior notice in citizen suits involving hazardous wastes the court declines to dismiss Count III—four years after the complaint was filed and two months subsequent to the court's determination that defendant is liable—merely because plaintiff failed to specifically allege an "endangerment."[3] To hold otherwise would allow form to reign over substance and would thwart Congress' purpose of providing an exception to the strict notice requirements in instances involving the heightened danger and immediacy of hazardous wastes. *See Lamke v. Lynn*, 680 S.W.2d 285 (Mo.Ct.App.1984) (The meaning given by courts to a statutory notice requirement depends largely on the context, purpose, and intent of the statute.); 58 Am.Jur.2d Notice § 2 at 572 (1989). In other words, under the circumstances presented here, literal application of the prior "notice of the endangerment" requirement would produce a result " 'demonstrably at odds with the intentions of its drafters.' " *Hallstrom*, 110 S.Ct. at 310 (quoting *United States v. Ron Pair Enterprises, Inc.*, —— U.S. ——, 109 S.Ct. 1026,

1031, 103 L.Ed.2d 290 (1989)). Accordingly, defendant's motion to dismiss Count III must be rejected.

Defendant also argues that to the extent that Count IV alleges violations which are subject to the Clean Water Act's 60–day notice provision it must also be dismissed. Defendant concedes that Count IV's alleged violations of 33 U.S.C. § 1317 were properly brought without 60 days notice. Because the operative words of the notice provisions for the Clean Water Act are identical to those in RCRA the defendant proffers essentially the same argument for dismissing parts of Count IV as it did for dismissing Count II. *Compare* 33 U.S.C. § 1365(b)(2) ("an action . . . respecting a violation of . . . section [ ] . . . 1317") *with* 42 U.S.C. § 6972(b)(1)(A)(iii) ("an action . . . respecting a violation of subchapter III"). The court, in turn, rejects this argument on the same grounds as the court rejected defendant's argument concerning Count II. Defendant's motion to dismiss is thus DENIED.

Lastly, defendant requests the court, pursuant to Fed.R.Civ.P. 58, to enter a judgement with respect to those claims in which the court found for the defendant in its Opinion and Order of October 16, 1989. This motion, however, is MOOTED by the court's denial of defendant's motion to dismiss the remaining counts.

SO ORDERED.

---

3. There is also support for denying defendant's motion to dismiss Count III on the grounds that it was not timely raised. *See Environmental Waste Control*, 710 F.Supp. at 1190 (objections to inadequate notice of hazardous waste claims waived if not timely raised). *Hallstrom* does not necessarily preclude a timeliness bar to alleging improper notice of subchapter III claims because it did not concern subchapter III nor did it involve objections to the content of a letter of notice.