Ernest DAGUE, Sr., Ernest Dague, Jr., Betty Dague, and Rose A. Bessette, Plaintiffs–Appellees,

v.

CITY OF BURLINGTON, Defendant–Appellant.

No. 415, Docket 90–7544.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1990.

Decided June 12, 1991.

On Remand Oct. 2, 1992.

**802**

William W. Pearson, Tucson, Ariz. (Molloy, Jones & Donahue, P.C., of counsel), for plaintiffs-appellees.

Michael B. Clapp, Burlington, Vt. (Dinse, Erchmann & Clapp, of counsel), for defendant-appellant.

Before: NEWMAN and PRATT, Circuit Judges, and GRIESA, District Judge for the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

## FACTS AND BACKGROUND

Bringing new meaning to the term "recycling", we revisit this case for a second examination of attorney's fee issues, this time on remand from the Supreme Court, see City of Burlington v. Dague, —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The attorney's fee issues have long outlived the original dispute, in which property-owner plaintiffs obtained an order to shut down the Burlington Municipal Disposal Grounds ("landfill"), operated by the City of Burlington in violation of federal environmental law. See Dague v. City of Burlington, 935 F.2d 1343 (2d Cir.1991), aff'g 733 F.Supp. 23 (D.Vt.1990); see also Dague v. City of Burlington, 732 F.Supp. 458 (D.Vt.1989) (ordering city to close landfill), familiarity with which is assumed.

On the merits appeal, we affirmed the district court's holding that the plaintiffs had prevailed in their citizen suits under the federal Solid Waste Disposal Act (SWDA), 90 Stat. 2826, as amended, 42 U.S.C. § 6972(a), and the Clean Water Act (CWA), 33 U.S.C. § 1365(a), and were therefore entitled to a reasonable attorney's fee. See Dague, 935 F.2d at 1358. We also affirmed the district court's enhancement of the fee award 25% above the lodestar amount in order to reflect the fact that the plaintiff's attorneys were retained on a contingent-fee basis and thus had assumed the risk of receiving no payment at all for their services. Id. at 1359–60.

The Supreme Court granted the city's petition for certiorari, solely to consider the propriety of the contingency enhancement, and declined to address the other rulings the city had sought to have reversed. Dague, —— U.S. ——, 112 S.Ct. 964, 117 L.Ed.2d 130 (1992) (granting limited petition for certiorari). The Court ultimately held that the fee-shifting provisions of the SWDA and the CWA do not permit contingency enhancements. City of Burlington,

—— U.S. at ——–——, 112 S.Ct. at 2643–44. The Court then remanded the case to this court "for further proceedings in conformity with the opinion of this Court."

While the remand was pending before us, plaintiffs moved in this court for additional attorney's fees and costs expended in opposing the city's petition for certiorari, as well as for an enhancement of what may remain of the original award in order to compensate for the city's delay in making payment thus far.

The City of Burlington responded to plaintiffs' motion by arguing that the Supreme Court's partial acceptance of certiorari has two ramifications: (1) plaintiffs are not entitled to any attorney's fee for work incurred in the "unsuccessful" opposition to the petition for certiorari, because even a partial grant of certiorari was an undesired result for plaintiffs; and (2) this court should reduce the original attorney's fee award to the extent that it compensated plaintiffs' counsel for the time spent advocating for the ill-fated contingency enhancement in both the district court and in this court. On both points, plaintiffs counter that the partial grant of certiorari does not change their status as substantially prevailing parties, and that they are entitled at least to the costs of opposing those parts of the certiorari petition that the Supreme Court did not grant.

## DISCUSSION

Before reaching the details of these echoing disputes over what constitutes a reasonable attorney's fee for plaintiffs, we first consider who should decide the issue: the circuit court or the district court. Our review of the background law reveals that attorney's fee issues are most frequently resolved in the district court, *see, e.g., Woe v. Cuomo,* 729 F.2d 96, 108 (2d Cir.1984) (issue of attorney's fees more appropriately left to discretion of conscientious district judge), *cert. denied,* 469 U.S. 936, 105 S.Ct. 339, 83 L.Ed.2d 274 (1984), although this practice is not without exception; *see, e.g., Roth v. Pritikin,* 787 F.2d 54, 58 (2d Cir. 1986) (noting that award of attorney's fee for frivolous certiorari petition is province

of Supreme Court); *Goodman v. Heublein,* 682 F.2d 44, 48 (2d Cir.1982) (to end lengthy litigation, panel denied award of appeals-related attorney's fee which would have involved calculation of fees by district court on remand).

Determining the amount of a reasonable attorney's fee, ultimately a decision that may combine extensive fact finding with a large amount of discretion, is a process well suited to the usual functions and operations of the trial court; in contrast, the essential role of an appellate court is to review for errors of law or abuse of discretion. We recognize, of course, that while the practice in some other circuits has varied, *see, e.g., Ekanem v. Health & Hosp. Corp.,* 778 F.2d 1254, 1257 (7th Cir.1985) ("our research reveals that a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals"); *Barnes v. Bosley,* 764 F.2d 490, 490–91 (8th Cir.1985) (circuit court awarded attorney's fee to appellees for successfully resisting appellants' petition for certiorari); and *compare Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980) (circuit court disregarded usual rule that trial court determine attorney's fees in order to expedite final decision), it has long been held proper for the district court to assess counsel fees for work performed before the Supreme Court. *See, e.g., Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 874 F.2d 242 (5th Cir.1989) (per curiam) (on remand from Supreme Court to recalculate attorney's fee, circuit court remanded to district court); *Local 17, Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers v. Young,* 775 F.2d 870, 873–74 (7th Cir.1985) (reviewing cases holding district court may assess counsel fees for work before Supreme Court); *Davis v. Board of Sch. Comm'rs,* 526 F.2d 865, 869 (5th Cir.1976) (district court must award attorney's fees for work before Supreme Court).

Perhaps most significantly, the Supreme Court itself has confirmed the district court's authority to award attorney's fees for work done before the Supreme Court, by instructing that the amount of the

award for such services be fixed in the first instance by the district court, after the district court hears evidence as to the extent and nature of the services rendered. *Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970) (per curiam). The Court's resolution of an attorney's fee dispute in *County of Los Angeles v. Cabrales*, 496 U.S. 924, 110 S.Ct. 2615, 110 L.Ed.2d 637 (1990), is also instructive, for there, the Court dismissed an application for fees accrued in unsuccessfully opposing a petition for certiorari, but did so without prejudice to its renewal in the district court.

■ We hold that, barring unusual circumstances, when questions are presented such as the amount of recovery, the extent to which a plaintiff is a prevailing party, and what if any adjustment is to be given for delay in payment, determination of a reasonable attorney's fee under the fee-shifting statutes should normally be decided by the district court in the first instance. This holding is not inconsistent with our recent statements that parties should file appeal-related attorney's fee applications in the circuit court, so that it can determine whether district court assistance is required. *See Smith v. Bowen*, 867 F.2d 731, 736 (2d Cir.1989) ("[a]pplications [under the EAJA] for appellate fees in this Circuit should be filed directly with the Court of Appeals"); *McCarthy v. Bowen*, 824 F.2d 182, 183 (2d Cir.1987) (per curiam) (directing the filing of EAJA appellate fee applications in court of appeals so that it may determine whether to enlist the aid of the district court in resolving disputed issues). Here, as in those cases, the remaining fee issues have been initially presented to this court; we are determining simply that they should be referred to the district court for decision.

We allocate this task to the district court because it is "intimately familiar with the nuances of the case, [and] is in a far better position to make certain decisions than is an appellate court". *In re Bolar Pharmaceutical Co.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam). An appellate panel is simply not equipped to give proper consid-

eration to the many-faceted factual disputes that may affect a claim for attorney's fees. The types of evidence presented on an application such as the one in this case can normally be best reviewed and analyzed by a district court judge. This evidence may include voluminous and detailed records of attorney and staff hours spent on various projects, affidavits regarding reasonable billing rates in the relevant communities at various times during the pendency of the suit, as well as data and arguments concerning whether, under the overall circumstances of the case, a claimed fee is reasonable.

In remanding this case, we express no opinion as to how the district court should resolve the fee issues still in dispute, issues which include: 1) whether in light of the Supreme Court's decision eliminating any enhancement for contingency risk, the district court's original award should now be recalculated to eliminate any time spent by the plaintiffs in obtaining the now-disallowed contingency enhancement; 2) whether plaintiffs may now be awarded an additional sum for work done in opposing all or part of the petition for certiorari; and 3) whether plaintiffs are entitled to a delay enhancement to reflect the significant time during which their counsel has remained unremunerated.

■ With respect to the delay enhancement, we address a purported order of the district court dated September 3, 1992, a copy of which has been sent to this court. The order purports to grant plaintiffs' application for a delay enhancement filed in the District Court of Vermont on August 13, 1992. However, at the time the delay-enhancement application was made to the district court, and on the date of the district court's order, the fee issues in this case were still pending before us, having been remanded from the Supreme Court on June 24, 1992. At the time of the district court's order, therefore, that court lacked jurisdiction over the case, at least over fee aspects of the case. *See, e.g., Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 6 n. 1 (2d Cir.1979) (absent remand,

district court lacks jurisdiction to hear motion for post-judgment relief); *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962) (docketing of appeal ousts district court of jurisdiction except insofar as explicit statute or rule reserves jurisdiction).

After this opinion is filed and the mandate is issued by the circuit clerk, the district court will once again have jurisdiction in the case, and it may then enter whatever order or orders it deems appropriate. Its order of September 3, 1992, however, having been entered at a time when the district court lacked jurisdiction of the matter, is a nullity.

Accordingly, we remand this case to the district court for disposition of the remaining fee issues. We are confident that its wise resolution of these issues will make unnecessary any further consideration of this case in this court.