Tonia CUSH–CRAWFORD, Plaintiff,

v.

ADCHEM CORPORATION, Defendant.

No. 98CV676 (ADS).

United States District Court,
E.D. New York.

Dec. 12, 2002.

Charmaine M. Stewart & Associates, Rosedale NY (Charmaine M. Stewart, of counsel) for plaintiff.

Ciarelli & Dempsey, Riverhead, NY (John L. ciarelli, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the plaintiff Tonia Cush–Crawford ("Cush–Crawford" or the "plaintiff") brought an action against the defendant Adchem Corporation ("Adchem" or the "defendant") alleging that the defendant sexually harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). A jury returned a verdict in favor of the plaintiff on her claim for sexual harassment-hostile work environment and awarded her zero dollars in actual damages and $100,000 in punitive damages. The defendant appealed the judgment entered in favor of the plaintiff and the plaintiff cross-appealed the judgment insofar as no actual damages were awarded. The Second Circuit affirmed the judgment in its entirety. Pres-

ently before the Court is the plaintiff's application for appellate attorneys' fees.

## I. BACKGROUND

On January 30, 1998, the plaintiff filed a complaint against the defendant in the Eastern District of New York. The complaint alleged claims of sexual harassment-hostile work environment; *quid pro quo* sexual harassment; and retaliation in violation of Title VII. On February 1, 2000, a jury found in favor of the plaintiff on her sexual harassment-hostile work environment claim and awarded her zero dollars in actual damages and $100,000 in punitive damages. However, the jury found in favor the defendant on the *quid pro quo* and retaliation claims.

The defendant then moved for judgment as a matter of law on the hostile work environment claim and the punitive damage award. The plaintiff cross-moved for a new trial on the monetary damage issue and sought an award of attorneys' fees. This Court denied both motions for a new trial in their entirety and awarded the plaintiff $54,052 in attorneys' fees and $2,026 in costs.

The defendant appealed the judgment entered in favor of the plaintiff and the plaintiff cross-appealed insofar as no actual damages were awarded. On November 16, 2001, the Second Circuit affirmed the judgment in its entirety. *Cush–Crawford v. Adchem Corp.,* 271 F.3d 352 (2d Cir. 2001).

On May 3, 2002, the defendant moved in this Court for an order directing the plaintiff to execute and deliver a satisfaction of judgment to the defendant and directing the plaintiff to pay for the costs and attorneys' fees incurred in bringing the motion. On May 16, 2002, counsel for the plaintiff provided the defendant with a satisfaction of judgment which stated in relevant part:

WHEREAS, the judgment of the Honorable Arthur D. Spatt, District Court Judge, was entered in the above-entitled action on May 1, 2002[sic] in the U.S. District Court for the Eastern District of New York in favor of the Plaintiff, TONIA CUSH–CRAWFORD, and against the Defendant, ADCHEM CORP., for the sum of $100,000.00, $54,052 in attorney's fees and $2,206 in cost plus interest and said judgment has been fully paid and satisfied (This satisfaction does not include legal fees incurred in the U.S. Court of Appeals)....

On May 17, 2002, the Court heard argument on the defendant's motion to compel the plaintiff to deliver a satisfaction of judgment. After hearing both sides, the Court stated that the plaintiff is not required to provide an unconditional satisfaction of judgment because the issue of appellate attorneys' fees remains outstanding. As to the appellate attorneys' fees, the Court set the following motion schedule: the plaintiff to file her motion by May 31, 2002; the defendant to oppose by June 14, 2002; and the plaintiff to reply by June 21, 2002.

On June 3, 2002, the plaintiff filed an affirmation in support of her motion for appellate attorneys' fees. On June 14, 2002, the defendant filed an opposition. On June 26, 2002, the plaintiff filed her reply.

## II. DISCUSSION

### A. The Decision to Award Appellate Attorneys' Fees in the First Instance

Because the award of attorneys' fees may involve extensive factfinding and a large degree of discretion, a district court generally decides this issue in the first instance. *Mikes v. Straus,* 274 F.3d 687,

704 (2d Cir.2001) (citing *Dague v. City of Burlington,* 976 F.2d 801, 803 (2d Cir. 1991), *rev'd in part on other grounds,* 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)); *Woe v. Cuomo,* 729 F.2d 96, 108 (2d Cir.1984) (stating that the issue of appellate attorneys' fees in an action challenging the constitutionality of care given to involuntarily committed mental patients in state hospital is more appropriately left to the discretion of the district court). Indeed, the Second Circuit has stated that:

> [B]arring unusual circumstances, when questions are presented such as the amount of recovery, the extent to which a plaintiff is a prevailing party, and what if any adjustment is to be given for delay in payment, determination of a reasonable attorney's fee under the fee-shifting statutes should normally be decided by the district court in the first instance.

*Dague,* 976 F.2d at 803. The rationale is that a district court is in a more appropriate position to decide the factual disputes involving a claim for attorneys' fees. *Id.* On the other hand, an appellate court is designed "to review for errors of law or abuse of discretion." *Id.*

■ In this case, the plaintiff seeks appellate attorneys' fees under Title VII. *See* 42 U.S.C. § 2000e–5(k). Under the reasoning in *Dague,* the Court is responsible for deciding the issue of appellate attorneys' fees in the first instance.

## B. The Timeliness of the Application for Attorneys' Fees

■ The defendant argues that the plaintiff must apply for appellate attorneys' fees in compliance with Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, and thus, the plaintiff was required to file and serve the instant application within 14 days of the entry of final judgment. The plaintiff responds that Rule 54 does not apply and that she was required to apply for appellate attorneys' fees within a reasonable period of time.

The Court finds that a prevailing party must seek appellate attorneys' fees in a Title VII action within a reasonable period of time after the circuit's entry of final judgment. This decision is based on the following analysis. First, Title VII has no specific limitation period for seeking attorneys' fees at the trial or the appellate levels. *See* 42 U.S.C. § 2000e–5(k). Second, neither the Federal Rules of Appellate Procedure nor the Local Rules of the Second Circuit provide a specific limitation period to apply for appellate attorneys' fees. Third, the Second Circuit has not addressed the issue of what time period governs the application for appellate attorneys' fees under Title VII. Fourth, district courts within the Second Circuit have apparently not addressed that issue. Because there is no statute, rule or binding case within this circuit that precisely instructs on the specific limitations period for seeking appellate attorneys' fees, the Court looks to other jurisdictions for guidance.

The Court finds *Environmental Defense Fund, Inc. v. Environmental Protection Agency,* 672 F.2d 42 (D.C.Cir.1982) persuasive on the timeliness of an application for appellate attorneys' fees. There, the plaintiff moved for appellate attorneys' fees under the Toxic Substances Control Act (the "TSCA"). 672 F.2d at 61. An intervenor objected claiming that the plaintiff failed to comply with the 14 day limitations period under Rule 39(c) of the Federal Rules of Appellate Procedure and thus failed to timely seek attorneys' fees. *Id.* The court rejected that argument noting that Rule 39 applied to costs, not attorneys' fees. *Id.* Also, the court noted that the TSCA provides no specific time limitations period for seeking attorneys' fees;

the TSCA states only that the court may award attorneys' fees " 'if [it] determines that such an award is appropriate.' " *Id.* Based on that discretionary language, "a court has discretion to consider the reasonableness of attorneys' fees claims and, if 'appropriate' (considering traditional equitable principles), to reject claims as untimely filed." *Id.*

Title VII is similar to the TSCA on the issue of attorneys' fees. For example, Title VII has no specific limitation period for seeking attorneys' fees. Title VII also gives a district court considerable discretion in awarding attorneys' fees. To allow a prevailing party a reasonable period of time after the entry of the circuit's final judgment, as in *Environmental Defense Fund,* is fair considering that Title VII and the applicable appellate rules do not provide a specific limitation period.

Also, there is no authority for the defendant's contention that Rule 54 applies to applications for appellate attorneys' fees. That rule applies to applications for attorneys' fees incurred at the trial level. In addition, counsel for the defendant's Rule 54 argument is inconsistent with what was told to the Court at the May 17, 2002 hearing—a prevailing party must make a motion for appellate attorneys' fees within a reasonable period of time. *See Cush–Crawford,* No. 98–676, at 6 (E.D.N.Y. May 17, 2002) (advising that a motion for appellate attorneys' fees must be made within a reasonable time in the Second Circuit).

■ In this case, the Court finds that the plaintiff moved for appellate attorneys' fees within a reasonable period of time after the entry of the Second Circuit's final judgment on November 16, 2001. From that date, the defendant had until February 14, 2002 to seek review in the Supreme Court. On February 28, 2002, the defendant satisfied the judgment entered by this Court. However, the issue of appellate attorneys' fees remained outstanding. On May 17, 2002, the Court set a motion schedule for the plaintiff to move for appellate attorneys' fees. On June 3, 2002, the plaintiff filed her motion for appellate attorneys' fees. It was only two months after the defendant's right to seek review in the Supreme Court had elapsed that the plaintiff stated that she desired to seek appellate attorneys' fees. And, it was less than two months after the defendant satisfied the judgment of this Court. This period of time is not unreasonable considering the parties had been negotiating as to the amount of appellate attorneys' fees after the defendant satisfied the Court's judgment. *See Environmental,* 672 F.2d at 61 (finding an application for attorneys' fees made nine months after the close of litigation timely).

## C. The Entitlement to Appellate Attorneys' Fees

■ Title VII provides in pertinent part: "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fee) as part of the costs. . . ." 42 U.S.C. § 2000e–5(k). The defendant argues that the plaintiff is not a prevailing party because she was unsuccessful on her cross-appeal for a new trial on the issue of actual damages. In reply, the plaintiff contends that she is a prevailing party because she won the ultimate outcome of the appeal.

A litigant is a prevailing party when she has " 'received actual relief on the merits of h[er] claim. . . .' " *Gierlinger v. Gleason,* 160 F.3d 858, 880 (2d Cir.1998) (citing *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). A litigant should not be denied attorneys' fees for hours spent "on interim stages of the case in which a ruling was made in favor of the party against whom she ulti-

mately prevailed." *Gierlinger,* 160 F.3d at 880 (citing *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir.1996) (stating that a prevailing party may recover attorneys' fees for time spent on an interlocking claim that was ultimately unsuccessful).

In this case, the plaintiff prevailed at the circuit level. Although she did not prevail on her cross-appeal for a new trial seeking actual damages, the reason was that her claim was moot because Title VII caps damages at $100,000 in cases of employers with more than 100 and less than 201 employees, as in this case, and the $100,000 punitive damage award was affirmed. *Cush–Crawford v. Adchem Corp.,* 271 F.3d 352, 359–360 (2d Cir.2001). However, the plaintiff is a prevailing party because the Second Circuit affirmed the $100,000 punitive damage award.

**D. The Calculation of the Attorneys' Fees**

In calculating attorneys' fees, the court uses the "lodestar" method. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Under that method, the court makes an initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763–764 (2d Cir.1998); *Luciano v. Olsten Corp.,* 109 F.3d 111, 116 (2d Cir.1997). If the court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, it should exclude those hours from its lodestar calculation. *Luciano,* 109 F.3d at 116. After the initial lodestar calculation is made, the court should then consider whether upward or downward adjustments are warranted by factors such as the extent of success in the

litigation and the degree of risk associated with the claim. *Hensley,* 461 U.S. at 434 & n. 9, 103 S.Ct. 1933, 76 L.Ed.2d 40 (citation omitted).

The hourly rate used in the calculation must be the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano,* 109 F.3d at 111 (citing *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). In determining the lodestar figure, the "community" to which the district court should look is the district in which the court sits. *Cruz v. Local Union Number 3 of the Int'l Bhd. Of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir.1994).

■ In this case, the plaintiff's counsel rate of $350 per hour is excessive. *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d. Cir.1998) (upholding the rates of $200 for partners, $135 for associates, and $50 for paralegals are reasonable rates for legal services in the Eastern District). The Court finds that $250 for partners, $75 for law clerks and $50 for paralegals are reasonable hourly rates considering the previous rates upheld by the Second Circuit, the cost of inflation and the type of appellate work involved.

■ Plaintiff's counsel spent roughly 104 hours from the date that the defendant filed its notice of appeal until the Second Circuit's decision. In addition, her law clerks and paralegal spent about 58 hours during this time. A review of those records indicate that the time spent was reasonable and not excessive. First, the records document specific work on the appeal that was necessary and proper. Second, the amount of time is reasonable considering that the appeal involved an issue of first impression in the Second Circuit.

Based on the above-noted findings, the initial lodestar calculation is as follows:

| Attorney: | 104 hours at $250 per hour | = | $26,000.00 |
|---|---|---|---|
| Law Clerk: | 58 hours at $75 per hour | = | $ 4,350.00 |
| Paralegal: | .17 hours at $50 per hour | = | $ 8.50 |
| | | | $30,358.50 |

■ Having decided the initial lodestar calculation, the Court now decides whether an upward or downward adjustment is warranted by factors such as the extent of success in the litigation and the degree of risk associated with the claim. *Hensley*, 461 U.S. at 434 & n. 9, 103 S.Ct. 1933, 76 L.Ed.2d 40 (citation omitted). Because the plaintiff was unsuccessful in her cross-appeal, the Court reduces the lodestar figure by ten percent. Accordingly, the Court awards the plaintiff attorneys' fees in the total sum of $27,322.65.

### III.  CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the plaintiff's application for appellate attorneys' fees is **GRANTED**; and it is further

**ORDERED**, that the plaintiff is awarded attorneys' fees in the total sum of $27,322.65; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.