13-3581
*Giuffre Hyundai, Ltd. v. Hyundai Motor America*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                  *Chief Judge*,
             ROBERT D. SACK,
             GERARD E. LYNCH,
                  *Circuit Judges.*

_____

GIUFFRE HYUNDAI, LTD., d/b/a
GIUFFRE HYUNDAI,

        *Plaintiff-Appellant*,

        - v -                                                   No. 13-3581

HYUNDAI MOTOR AMERICA,

        *Defendant-Appellee.*

_____

For Plaintiff-Appellant:          Eric Lewis Chase and Ronald James Campione, Bressler,
                                  Amery & Ross, P.C., Florham Park, NJ

For Defendant-Appellee:           John Joseph Sullivan, Hogan Lovells US LLP, New York,
                                  NY

1

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the September 16, 2013 judgment of the district court be and hereby is

**AFFIRMED**, and the case is **REMANDED** for further proceedings consistent with this

decision.

Plaintiff-Appellant Giuffre Hyundai ("Giuffre") appeals from a September 16, 2013

judgment of the U.S. District Court for the Eastern District of New York (Weinstein, *J.*),

awarding attorneys' fees to Defendant-Appellee Hyundai Motor America ("Hyundai"). While

this appeal was pending, Hyundai moved this Court for attorneys' fees and non-taxable costs for

work performed in litigating the appeal of the underlying case, *Giuffre Hyundai, Ltd. v. Hyundai*

*Motor Am.*, 756 F.3d 204, (2d Cir. 2014). We presume the parties' familiarity with the

underlying facts and procedural history of this case, as well as with the issues on appeal.

On appeal, Giuffre contends that the district court abused its discretion in awarding

attorneys' fees to Hyundai under Federal Rule of Civil Procedure 54(d)(2).[1] We review a district

court's imposition of attorneys' fees for abuse of discretion, "'which occurs when (1) [the

court's] decision rests on an error of law (such as application of the wrong legal principle) or

clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a

legal error or a clearly erroneous factual finding—cannot be located within the range of

permissible decisions. '" *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010)

(quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009))

(alteration in original) (further internal quotation marks omitted).

---

[1] Giuffre's argument that execution of this judgment should be stayed pending adjudication of his appeal of the summary judgment decision is moot in light of this Court's decision in *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204 (2d Cir. 2014).

Giuffre first argues that the district court lacked jurisdiction to enter the judgment awarding fees to Hyundai because, at that point, it had already filed a notice of appeal. However, that argument is clearly incorrect under our precedent. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (finding that the district court had jurisdiction over Rule 54(d)(2) motion notwithstanding the plaintiff's earlier-filed appeal of district court's grant of motion to dismiss); *see also* Fed. R. Civ. P. 54(d)(2) advisory committee notes (1993).

Second, Giuffre argues that, since the district court declined to award "costs or disbursements" in its summary judgment decision, it was prohibited from granting Hyundai's post-judgment motion for attorneys' fees. However, for the reasons stated in the decision below, we disagree.

Finally, Giuffre argues that it never had an opportunity to present evidence in support of its arguments that equitable factors counsel against the imposition of a fee award. Relatedly, it argues that the district court abused its discretion by failing to account for the fact that the business is defunct and therefore has no revenue. However, Giuffre not only had the opportunity to object to the fee award in district court, but it did object, twice filing written objections pressing its equitable arguments. However, it did not avail itself of that opportunity to present evidence in support of its assertions. Ultimately, it is "the losing party['s] . . . burden to show that costs should not be imposed," *Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir. 2001), and Giuffre failed to carry its burden in this case. Moreover, the record shows that the district court considered Giuffre's arguments and provided sufficient reasons for rejecting them. Accordingly, Giuffre was not denied the opportunity to present his equitable arguments and the district court did not abuse its discretion in requiring Giuffre to pay Hyundai's attorneys' fees.

3

Hyundai has also moved for attorneys' fees and non-taxable costs, under § 469 of New York's Vehicle and Traffic Law, for work performed in litigating the appeal of the district court's summary judgment decision. While Giuffre argues that requiring it to reimburse Hyundai would be inequitable because it lacks revenue, it has not submitted any evidence to support its alleged lack of resources. *Cf.* Fed. R. App. P. 27(a)(2)–(3). Moreover, given the resource-intensive way that Giuffre has litigated on appeal, we agree with Hyundai that some reimbursement costs and fees incurred in litigation on appeal is appropriate. "[A]lthough appellate courts may determine appellate fees, district courts are generally best suited to [the] task." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 144 (2d Cir. 2007) (citing *Dague v. City of Burlington*, 976 F.2d 801, 804–05 (2d Cir. 1992)). Recognizing that "[a]n appellate panel is simply not equipped to give proper consideration to the many-faceted factual disputes that may affect a claim for attorney's fees," *Dague*, 976 F.2d at 804, we believe that remand to the district court is appropriate. This remand is limited to determining reasonable attorneys' fees and costs expended by Hyundai in litigating the appeal of the summary judgment decision.

We have considered Giuffre's remaining arguments and find them to be without merit. For the reasons stated herein, we **AFFIRM** the judgment of the district court and **REMAND** the case, in accordance with the procedures of *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for determination of reasonable costs and attorneys' fees incurred by Hyundai in litigating *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, No. 13-1886.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4