

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Vargo v. Mangus

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Vargo v. Mangus" (2004). *2004 Decisions.* Paper 814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2355

———

DAVID VARGO; LORI VARGO

v.

SHARON MANGUS; SWIFT TRANSPORTATION CORPORATION

SHARON MANGUS; SWIFT TRANSPORTATION CORPORATION,
Third-Party Plaintiffs

v.

MORELLS AUTO SERVICE;
THOMAS MORELL, d/b/a MORRELL'S AUTO SERVICE,
Third-Party Defendants

Sharon Mangus; Swift Transporation Co., Inc.,

Appellants

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 01-cv-00001
District Judge:  The Honorable Christopher C. Conner

———

Argued:  January 9, 2004

———

Before: BARRY, SMITH, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

———

The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

(Opinion Filed:   April 19, 2004 )

Carl D. Buchholz, III, Esq. (Argued)
Rawle & Henderson
The Widener Building
One South Penn Square
Philadelphia, PA  19107

Attorney for Appellants


Michael T. van der Veen, Esq. (Argued)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

Attorney for Appellees


OPINION


BARRY, Circuit Judge

## I.

On November 22, 2000, David and Lori Vargo (hereinafter "Vargo") filed suit against Sharon Mangus and the Swift Transportation Co., Inc., in the Court of Common Pleas of Philadelphia County, Pennsylvania, for personal injury damages arising out of a motor vehicle accident involving Vargo's vehicle and a tractor-trailer owned by Swift and

operated by Mangus.  Defendants removed the action to the United States District Court for the Middle District of Pennsylvania.  On November 14, 2002, the District Court granted plaintiffs' motion to preclude any reference to plaintiffs' failure to replace the air bags in their motor vehicle.  Defendants moved for reconsideration of the November 14, 2002 order, or, in the alternative, for permission to file an interlocutory appeal.  The District Court denied defendants' motions.

Because defendants had filed a notice of limited admission of negligence, the case proceeded to trial solely on the issue of damages.  Prior to closing arguments to the jury, however, the parties entered into a high-low agreement on the record during an in-chambers conference.  The agreement provided, in pertinent part:

> The offer is a low of two million dollars and a high of five million dollars. What that means . . . is that if the jury comes back with anything less than two million dollars, they will be paid two million dollars.  If the jury comes back with anything more than five million dollars, they will be paid five million dollars.  If there's anything, a verdict in-between the two million and the five million, then that will be the amount paid.
>
> For example, if there was a four million dollar verdict, they would be paid four million dollars.  (App. at 56a).

Other conditions were also attached to the agreement:  confidentiality, waiver of the right to appeal, and the absolute right of plaintiffs to take the award money when paid.   The agreement also provided that in the event the award money was not paid on the dates specified, the parties could resort to legal remedies to enforce the agreement.

The jury rendered a verdict of damages in the amount of $4.25 million.  Plaintiffs

3

then moved for delay damages pursuant to Pa. R. Civ. P. 238. The District Court granted the motion and ordered defendants to pay delay damages in the amount of $234,390. Defendants timely appealed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and will reverse.

**II.**

The issue on appeal is this: are plaintiffs entitled to recover delay damages even though the high-low agreement, and the conditions attached thereto, made no mention of, much less any provision for, delay damages? Defendants argue that the agreement constituted a settlement that precluded plaintiffs from recovering delay damages. Plaintiffs disagree, contending that the high-low agreement was not a settlement because under the terms of the agreement, the case "could not be settled until after a jury verdict." (Appellees' Br. at 20).

We are persuaded that, under Pennsylvania law, a high-low agreement may be construed as a settlement, subject to basic contract principles. See Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997) (holding that a high-low agreement is a settlement under Pa. R. Civ. P. 2039, which governs the role of the court in cases where a minor is a party); Cerino v. Kaduk, 55 Pa. D. & C.4th 115, 120 (Pa. Ct. Cm. Pleas 2000) ("A high/low agreement constitutes a settlement."); see also In re Cendant Corp. Prides Litigation, 233 F.3d 188, 193 (3d Cir. 2000) ("basic contract principles do indeed apply to

---

[1]Defendants only appeal the District Court's award of delay damages, and not the jury verdict.

4

settlement agreements"). The Pennsylvania Superior Court has adopted the definition of "settlement" as: "[a] meeting of minds of parties to [a] transaction or controversy; an adjustment of differences or accounts; *a coming to an agreement. To fix or resolve conclusively; to make or arrange for final disposition.*" <u>Power</u>, 701 A.2d at 1374 (quoting Black's Law Dictionary, Sixth Edition) (emphasis and alterations in original).

Here, the high-low agreement, which was entered into before the District Court and on the record, conclusively established the floor and the ceiling of any award. The parties "adjusted their differences," and explicitly included conditions other than the settlement amount. Delay damages were not even discussed, much less included as an additional condition. The failure to have provided for delay damages thus constitutes a waiver, a conclusion reinforced by the agreement itself, which specifically stated: "If there's anything, a verdict in-between the two million and the five million, *then that will be the amount paid*. For example, if there was a four million dollar verdict, they would be paid four million dollars." (emphasis added). Because the jury returned a verdict in the amount of $4.25 million, plaintiffs should have been awarded $4.25 million, no more and no less. Awarding delay damages on top of the $4.25 million violated the terms of the agreement. If plaintiffs had wanted to preserve their right to delay damages, or simply their right to raise the issue, they could have done so when the agreement was placed on the record. They cannot do so now.

**III.**

For the foregoing reasons, we will reverse the judgment of the District Court awarding plaintiffs delay damages in the amount of $234,390.