*In re Motors Liquidation Co. (Pillars)*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2019

Argued: September 24, 2019
Decided: May 6, 2020

Docket No. 18-1954

IN RE: MOTORS LIQUIDATION COMPANY, FKA GENERAL MOTORS CORPORATION,

*Debtor.*

BENJAMIN PILLARS,

*Appellant,*

V.

GENERAL MOTORS LLC,

*Appellee.*

Appeal from the United States District Court
for the Southern District of New York
No. 1:15-cv-08432 – Jesse M. Furman, *Judge*.

Before: JACOBS, SACK, and HALL, *Circuit Judges*.

Appellant Benjamin Pillars appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*) vacating a decision of the bankruptcy court (Gerber, *J.*) concerning whether General Motors LLC assumed liability, through a judicial admission, for claims like Mr. Pillars'. For a statement to constitute a judicial admission, it must be intentional, clear, and unambiguous. Because the inadvertent inclusion of language from an outdated, non-operative version of a sale agreement in a filing does not satisfy these criteria, it is not a judicial admission, and General Motors LLC is not bound by that language. We AFFIRM the judgment of the district court.

AFFIRMED.

---

RUSSEL C. BABCOCK, Sagniaw, MI, *for Appellant*.

RICHARD C. GODFREY, Andrew B. Bloomer (*on the brief*), Kirkland & Ellis LLP, Chicago, IL; ERIN E. MURPHY, C. Harker Rhodes (*on the brief*), Kirkland & Ellis LLP, Washington, DC; Arthur J. Steinberg, David M. Fine, Scott I. Davidson (*on the brief*), King & Spalding LLP, *for Appellee.*

---

PER CURIAM:

Appellant Benjamin Pillars appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*) reversing a decision of the United States Bankruptcy Court for the Southern District of New York (Gerber, *J.*). In its order dated July 29, 2015, the bankruptcy court lifted a stay against a lawsuit brought by Pillars in Michigan. It based this holding on its view,

2

articulated at a July 16, 2015 hearing, that by quoting language from a superseded sale agreement in its answer, General Motors LLC ("New GM") made a binding judicial admission that it assumed liability for claims like those brought by Pillars.

## I.

Following General Motors Corporation's ("Old GM") June 2009 bankruptcy filing, a predecessor of New GM purchased substantially all of Old GM's assets pursuant to a sale under 11 U.S.C. § 363. The sale agreement, as amended on June 30, 2009, provided that the purchaser would assume "all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles . . . which arise directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after" July 10, 2009, the closing date of the sale. Case No. 09-50026, Doc. 2968-2 at 112. This language narrowed the scope of liabilities assumed in the original purchase agreement dated June 26, 2009, which also covered those injuries that arose out of post-closing "distinct and discreet occurrences." *Id.* at 34. On July 5, 2009, the bankruptcy court entered an order outlining the terms of the sale and authorizing and approving the June 26, 2009 agreement "together with all related documents and agreements as well as all exhibits, schedules, and addenda

thereto," which encompassed the June 30, 2009 amendments. Case No. 09-50026, Doc. 2968 at 1.

Mr. Pillars is the widower of Kathleen Ann Pillars and the personal representative of her estate. In November of 2005, Mrs. Pillars lost control of her 2004 Pontiac Grand Am—a vehicle manufactured by Old GM—allegedly due to a faulty ignition switch. As a result of the accident, Mrs. Pillars suffered severe injuries and was rendered incapacitated. She died nearly seven years later in March 2012. Three years later, Mr. Pillars filed a wrongful death lawsuit against New GM in Michigan state court.

New GM removed the state court complaint to federal district court in Michigan. In its original notice of removal and initial answer, New GM cited language from the June 26, 2009 version of the sale agreement, which conveyed liability from Old GM to New GM for a broader set of circumstances than the final operative agreement, but appended the correct operative version to the notice of removal. New GM then sought a stay of Pillars' action in the Eastern District of Michigan and, in response, Pillars filed a No Stay Pleading in the bankruptcy court.

4

On July 16, 2015, the bankruptcy court conducted a hearing on the issue of whether Pillars' Michigan action should be stayed. Pillars argued that, by citing language from the superseded version of the sale agreement in its answer and notice of removal, New GM assumed liability resulting from "accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date." A prior holding by the bankruptcy court would have barred Pillars' claim if New GM's liability was defined by language in the final version assigning liability to New GM for injuries "caused by accidents or incidents first occurring on or after the Closing Date." *See In re Motors Liquidation Co.* (*"Deutsch"*), 447 B.R. 142 (Bankr. S.D.N.Y. 2011); App. at 952 ("At the outset of oral argument, I recognized, as well all had to recognize, my *Deutsch* decision, which if . . . this controversy had been decided in a vacuum based upon the proper language of the sale agreement, would have resulted in a victory for New GM."). Pillars contended that the "distinct and discreet occurrences" language to which New GM bound itself could include his claim and that he was therefore not prevented from bringing his lawsuit under *Deutsch*.

At the hearing, the bankruptcy court observed that New GM's citation of language from the superseded Sale Agreement was "plainly" a mistake, App. at

5

944, but nonetheless ruled that New GM admitted liability for these other occurrences and therefore, the stay should be lifted. The following day, in the Eastern District of Michigan, New GM filed a motion to amend its answer and notice of removal to cite the correct language. The motion was granted on August 5, 2015. Six days later, New GM brought a motion for reconsideration of the July order in the bankruptcy court, arguing that the amended answer and notice of removal warranted a different outcome. The bankruptcy court denied New GM's motion, and New GM appealed to the district court.

The district court vacated the bankruptcy court's judgment, finding error in the bankruptcy court's holding that New GM's erroneous citation of a prior version of the sale agreement constituted a judicial admission to which New GM was bound. Concluding that the bankruptcy court had abused its discretion, the district court explained that that court "misapplied—or, more to the point, failed to apply—the standard by which courts are intended to gauge whether something is a judicial admission." *In re Motors Liquidation Co.*, 590 B.R. 39, 56 (S.D.N.Y. 2018). As articulated by the district court, that inquiry should consider whether the proposed admission was an admission of fact and the extent to which it was "unequivocal, deliberate, clear, or unambiguous." *Id*. The district court explained

6

that even if the admission was one of fact (and it had some doubt that it was), New GM's use of the superseded language "was a mistake rather than a deliberate or unequivocal admission that the [June 26, 2009 version of the sale agreement] should apply." *Id*. Because the district court vacated the bankruptcy court's decision on this ground, it did not resolve New GM's alternate challenge to the bankruptcy court's denial of its motion for reconsideration.

Pillars appeals the district court's decision, arguing again that New GM's citation of language from the June 26, 2009 version of the sale agreement is a judicial admission that binds it throughout the proceedings. New GM responds that judicial admissions must be deliberate, clear, and unambiguous and that its erroneous citation of superseded contractual language does not meet this threshold.

**II.**

In this context, where a district court has operated as an appellate court, "we engage in plenary, or de novo, review of the district court decision." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). We apply the same standard of review used by the district court in reviewing the decision of the bankruptcy court. Thus, we review the bankruptcy court's factual findings for clear error and its legal

7

conclusions de novo. *Id.; In re Motors Liquidation Co.*, 590 B.R. at 56 (citing *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) ("We review the district court's determination as to whether a particular statement constitutes a judicial admission . . . under the abuse of discretion standard.")).

## III.

A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985). To constitute a judicial admission, the statement must be one of fact—a legal conclusion does not suffice. *See Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapital Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 45 (2d Cir. 2005) ("[J]udicial admissions are statements of fact rather than legal arguments made to a court." (internal quotation marks and citation omitted)). Moreover, a statement must "have sufficient formality or conclusiveness to be a judicial admission." *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 346 F.2d 532, 542 (2d Cir. 1965).

8

Other circuits have explained that a judicial admission must also be "deliberate, clear, and unambiguous." *See, e.g.*, *Choice Escrow and Land Title, LLC v. BancorpSouth Bank*, 754 F.3d 611, 625 (8th Cir. 2014) ("A judicial admission must be deliberate, clear, and unambiguous."); *Fraternal Order of Police Lodge No. 89 v. Prince George's County, MD*, 608 F.3d 183, 190 (4th Cir. 2010) ("Although a lawyer's statements may constitute a binding admission of a party, any such statement must be deliberate, clear, and unambiguous before we will afford it preclusive effect." (internal quotation marks and citation omitted)); *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) ("[I]n order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous." (citation omitted)); *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (same). Today we join our sister circuits and hold that in order for a statement to constitute a judicial admission it must not only be a formal statement of fact but must also be intentional, clear, and unambiguous. This requirement finds its roots in a 19th century Supreme Court case, *Oscanyan v. Arms Co.*, in which the Court explained that a court may act "upon facts conceded by counsel" but will not do so where "a doubt exists as to the statement of counsel." 103 U.S. 261, 263 (1880).

9

Bearing in mind this rule, we cannot say that New GM's mistaken citation of language from a non-operative agreement in its initial answer and notice of removal constitutes a judicial admission that New GM in fact assumed the liabilities set forth in language found in the non-operative agreement. It is true that the statement bore sufficient indicia of formality and conclusiveness to constitute such an admission, as it appeared in both an answer and a notice of removal. But our conclusion is informed by the fact that these filings—both done on the same day—contain inherent inconsistencies between the cited language and the actual operative agreement appended to the notice of removal. It is further informed by the bankruptcy court's explicit recognition that the citation was "plainly" a mistake. *Cf. Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 122 (2d Cir. 1990) (finding a judicial admission where a party "at no time moved to amend its amended answer and does not now claim fraud or mistake."). Nor do we find it appropriate to deem a statement of fact[1] a judicial admission where that

---

[1] We, like the district court, have serious reservations about calling a description of liabilities assumed a "fact" rather than a legal conclusion. *See Schreiber*, 407 F.3d at 45 (holding that a statement in support of motion for summary judgment that an entity assigned certain shareholders all of its claims was not a judicial admission that the assignment was validly made). We need not definitively resolve this because we hold that the language cannot constitute a judicial admission even if it is considered a factual statement.

statement *could* not be true given that it belonged to a superseded agreement and one that was never approved by the bankruptcy court. *Cf. PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984) ("Of course, the parties may not create a case by stipulating to facts which do not really exist.").

Because New GM's erroneous citation of language from a non-operative agreement was not an intentional, clear, and unambiguous statement of fact, we hold that it did not constitute a judicial admission.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.