19-868-cv
Oldcastle Precast, Inc. v. Liberty Mutual Insurance Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

OLDCASTLE PRECAST, INC.,

                 *Plaintiff-Appellee*,

           v.                                          19-868-cv

LIBERTY MUTUAL INSURANCE COMPANY,
METRA INDUSTRIES, INC.,

                 *Defendants-Appellants*.

_____

Appearing for Appellants:    Charles W. Groscup, Watt, Tieder, Hoffar & Fitzgerald, LLP (Adam M. Tuckman, *on the brief*), McLean, VA.

                             Joanna Sandolo, Belowich & Walsh, LLP, White Plains, N.Y. (*on the brief*).

Appearing for Appellee:      Patricia E. Habas, Rogers, Habas & Eisen, P.C., Orangeburg, N.Y.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part, and the matter **REMANDED** for further proceedings consistent with this order.

Liberty Mutual Insurance Company and Metra Industries, Inc. (collectively, "Metra") appeal from the November 13, 2019 amended judgment of the United States District Court for the Southern District of New York (Román, *J.*) granting Oldcastle Precast, Inc.'s motion to confirm an arbitration award, denying Metra's cross-motion for partial vacatur of the arbitration award, and granting Oldcastle damages in the amount of $311,518.96, pre-judgment interest at the rate of 9 percent per annum from May 1, 2017 through March 13, 2019 (the entry of the original judgment), plus post-judgment interest at the federal statutory rate set by 28 U.S.C. § 1961(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard de novo." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (italics omitted) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks, citation, and brackets omitted). "That impropriety has been interpreted clearly to mean more than error or misunderstanding with respect to the law." *Id.* (internal quotation marks, citation, and brackets omitted). "Rather, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Id*. (citation and emphasis omitted).

With regard to the damages associated with Metra's counterclaim the arbitrator found:

> Below is a list of each component of Metra's counterclaim/offset with a dollar amount awarded for each. Although the principal defense asserted by Oldcastle to these charges was based upon entitlement rather than costs, where entitlement was found to exist, certain adjustment were made to the amounts sought by Metra. For instance, unless supplied by third parties, I did not award sums for equipment or equipment operation as requested by Metra. I find that there was insufficient proof to establish actual damages sustained or the amounts requested for these items, and in any event, I find the damage calculations proffered by Metra's employee for use, operation and/or downtime of Metra's own equipment which, for the most part, was on the site anyway, to be unreliable.

App'x at 71-72.

Metra primarily focuses on the arbitrator's statement that there was insufficient proof of "actual damages." Appellant's Br. at 34. Metra argues that the arbitrator manifestly disregarded the law in requiring it prove actual damages, rather than prove its damages to a "reasonable certainty." *See Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995). Metra argues that the arbitrator was required to accept Metra's damages calculation in full. However, what the arbitrator required was either a showing of actual damages or other sufficient proof of the damages incurred by Metra. In connection with this finding, the arbitrator noted that he found the evidence of damages provided in testimony from Metra's witnesses to provide an unreliable basis for an award. The arbitrator was entitled to weigh the evidence in making his factual findings, and it is well-settled that "[a] federal court may not conduct a reassessment of the evidentiary record." *Wallace*, 378 F.3d at 193.

Metra also argues that the arbitrator so egregiously weighed the evidence that it rose to the level of "misconduct" or "any other misbehavior," 9 U.S.C. § 10(a)(3). "Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Metra argues that it placed "uncontroverted" evidence before the arbitrator, which the arbitrator "ignored and replaced with the arbitrator's extra-evidentiary musings about the undisputed equipment costs that he never allowed Metra to address before closing the record," rendering the proceedings fundamentally unfair under 9 U.S.C. § 10(a)(3). Appellant's Br. at 46. Metra argues that it was unfair for the arbitrator not to award all of the damages it sought for each work order the arbitrator found justified given that Oldcastle did not challenge Metra's damages calculations. This ignores that the arbitrator found that Metra's evidence on the question of damages provided an unreliable basis for the requested damages award. Even assuming the testimony and evidence in question were unrebutted, that does not obligate the arbitrator to find them an adequate and reliable basis for an award. If a statement is unrebutted it may be more likely to be accepted as true and as providing a sound basis for a finding, but the law does not deem unrebutted statements true or conclusive on a matter of fact. There is simply no basis to overturn the arbitrator's decision.

Metra also challenges the district court's grant of prejudgment interest. We review a grant of prejudgment interest, and the rate of that interest, for abuse of discretion. *See Com. Union Assurance Co. v. Milken*, 17 F.3d 608, 614 (2d Cir. 1994). Metra argues the district court erred in awarding prejudgment interest at the statutory rate of 9 percent because the agreement between the parties provided for a lower rate of interest. We agree that the rate the parties agreed to in their contract is the correct rate of prejudgment interest. "It is well established that when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the statutory rate set forth in C.P.L.R. 5004, governs until the payment of the principal or until the contract is merged into a judgment." *Eur. Am. Bank v. Peddlers Pond Holding Corp.*, 586 N.Y.S.2d 637 (2d Dep't 1992). Until the arbitration award was converted into a judgment, then, the contract controls the post-award, prejudgment interest rate.

In its post-hearing brief to the arbitrator, Oldcastle submitted that "Section 4 of the T&C provides that Metra would pay interest of 0.5% per month, compounded monthly, on any unpaid balances under the Contract." App'x at 664. This constitutes a judicial admission, as it is a

3

statement of fact made with "sufficient formality or conclusiveness." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (citation omitted). In addition, the parties explicitly altered Oldcastle's standard terms and conditions to change the interest rate from 1.5 percent to 0.5 percent. Taken together, we conclude that the parties intended for a 0.5 percent prejudgment monthly interest rate to apply. The explicit amendment of the terms to set a 0.5 percent interest rate, coupled with Oldcastle's admission before the arbitrator about the interest rate in the contract, support the conclusion that the parties intended for a 0.5 percent monthly interest rate to apply.

Finally, Oldcastle seeks attorneys' fees and costs for defending this appeal, arguing such fees and costs are due under the terms of the payment bond. "An appellate panel is simply not equipped to give proper consideration to the many-faceted factual disputes that may affect a claim for attorney's fees." *Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1991). Oldcastle's application for fees and costs associated with this appeal may be pursued in the district court upon remand.

We have considered the remainder of Metra's arguments and find them to be without merit. Accordingly, the order of the district court confirming the arbitration award hereby is AFFIRMED in part and VACATED in part, and the matter REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4