**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3161

_____

SANG KOO PARK; BONG HO PARK,
Appellants

v.

EVANSTON INSURANCE CO; MARKEL CORP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-04384)
District Judge: Honorable David R. Strawbridge

_____

Submitted
January 27, 2023

Before: BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: April 11, 2023)

_____

OPINION[*]

_____

FUENTES, *Circuit Judge*.

　　Plaintiff-Appellants Sang Koo Park and Bong Ho Park appeal from an order of the

United States District Court for the Eastern District of Pennsylvania granting defendants

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

Evanston Insurance Company (Evanston) and Markel Corporation's motion to enforce a settlement agreement. Plaintiffs argue that the District Court erred in enforcing the agreement because there was no "meeting of the minds" or definite terms sufficient to constitute a binding agreement, and therefore we should vacate the District Court's order. Because the high-low agreement was valid, we will affirm.

## I.     BACKGROUND

This case arises from the denial of two insurance claims filed by the Parks for water damage that occurred in the basements of properties they owned in Philadelphia. The Parks filed two separate lawsuits against defendants for breach of contract and bad faith in connection with both claims. The cases were removed to the District Court, which immediately consolidated them and set a date for a settlement conference to be conducted. On that date, the Parks were accompanied at the conference by counsel and a Korean interpreter.

At the conference, the Court presented the parties with a compromise to resolve the case: the parties would agree that the case was settled, and that the Parks would receive a sum of money to be paid by Evanston. The actual settlement amount would be selected by a mediator but could be no more than $100,000 and no less than $60,000. The parties agreed to this arrangement, which was memorialized in an email sent by the Court to the parties the following day. The email stated that the case was considered settled, directed each counsel to give the Court a "number" (between $60,000 and $100,000) on or before

August 30, 2021, and stated that the Court would select between those numbers thereafter.[1]
On August 30, however, the Parks' counsel sent the Court an email expressing that the Parks did not agree to the settlement proposal and wanted to go to trial. At a subsequent conference, counsel for Evanston submitted the number $65,000, and the Parks submitted no number.

Defendants moved to enforce the settlement agreement arising out of the proposal presented by the court. The Parks opposed the motion. The Parks argued that "[t]here was no binding contract because both parties did not manifest an intention to be bound by the terms of the settlement agreement proposed by the Court" and that "the terms [of the settlement agreement] were not sufficiently definite to be specifically enforced."[2]

The District Court (1) granted defendants' motion to enforce the settlement agreement, (2) ordered defendants to pay the Parks $65,000 by December 3, 2021 "in accordance with the settlement number the[ defendants] submitted to the Court on September 7, 2021,"[3] and (3) ordered the action settled and dismissed without prejudice. The Parks appealed.

II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. "The construction of an unambiguous contract is a

---

[1] A25.
[2] A09 (alteration in original).
[3] A08.

matter of law for the court and therefore is subject to plenary review."[4] We are exercising plenary review over the District Court's decision regarding the enforcement of the parties' purported high-low arbitration agreement.[5] But we review the Court's underlying factual findings for clear error.[6]

## III. DISCUSSION

The issue on appeal is whether the District Court properly enforced the settlement agreement. The Parks argue that the District Court erred in doing so because there was no meeting of the minds on a material term of the contract. They contend the "high-low" agreement in this case was not sufficiently definite to constitute an agreement.

The validity and enforceability of a settlement agreement is governed by state contract law.[7] Under Pennsylvania law, "high-low" agreements are construed as settlements, subject to basic contract principles.[8] Under basic contract principles in Pennsylvania, an agreement is enforceable if "both parties have manifested an intention to be bound by its terms" and "the terms are sufficiently definite to be specifically enforced."[9]

---

[4] *U & W Indus. Supply, Inc. v. Martin Marietta Alumina, Inc.*, 34 F.3d 180, 185 (3d Cir. 1994); *see Edwards v. HOVENSA, LLC*, 497 F.3d 355, 357 (3d Cir. 2007).
[5] *See Edwards*, 497 F.3d at 357.
[6] *Id.*
[7] *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009).
[8] *See Friia v. Friia,* 780 A.2d 664, 668 (Pa. Super. Ct. 2001) (Settlement agreements "are regarded as contracts and must be considered pursuant to general rules of contract interpretation."); *Power by Power v. Tomarchio*, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997) (holding that a high-low agreement is a settlement under Pa. R. Civ. P.2039 which governs the role of the court in cases where a minor is a party); *Cerino v. Kaduk*, 55 Pa. D & C. 4th 115, 120 (Pa. Ct. Com. Pl. 2000) ("A high/low agreement constitutes a settlement.").
[9] *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir. 1986).

As with any contract, Pennsylvania requires "[a] meeting of minds of parties to [a] transaction or controversy" upon all the terms of the settlement.[10] The key inquiry is not to what extent the agreement is put into writing, but whether the parties agreed to the essential terms of the contract.[11] With respect to the definiteness of the terms of the agreement, "[a] contract contains an ambiguity if it is reasonably susceptible of different constructions"[12] or "impossible to understand."[13]

In a "high-low" agreement, "a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome" decided by the trier of fact.[14] Here, the high-low settlement agreement was memorialized in an email sent to the parties by the District Court which stated that the case was considered settled, directed each counsel to give the Court a "number" between $60,000 and $100,000 on or before August 30, 2021, and stated that the Court would select between those numbers thereafter. The Parks do not dispute that they orally agreed to settle the case subject to a final number chosen between the given range. Their email only indicated that they wanted to renege on the agreement. They never contradicted the Judge's position that they verbally assented to the terms before the Court. Indeed, high-low agreements may be entered into in this manner, before the District Court and on the

---

[10] *Power*, 701 A.2d at 1374 (quoting Black's Law Dictionary, Sixth Edition) (alteration in original); *see also Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999).

[11] *Mazzella*, 739 A.2d at 536.

[12] *Murphy v. Duquesne Univ. of The Holy Ghost*, 777 A.2d 418, 430 (Pa. 2001) (quotation marks omitted).

[13] *Am. Eagle Outfitters*, 584 F.3d at 586.

[14] *Thompson v. T.J. Whipple Constr. Co.*, 985 A.2d 221, 222 (Pa. Super. Ct. 2009).

record,[15] to establish the floor and ceiling of an award.[16] Because the Parks' original assent is uncontradicted, the decision is not clearly erroneous.

Furthermore, the terms of the agreement are not ambiguous. The floor and ceiling for the award were set by the parties before the Court, and the Court's email clearly set forth that it would choose a number within that range. As previously stated, high-low agreements leaving the amount to be determined are common forms of settlements and do not render the settlement indefinite. Moreover, the number chosen by the court was in line with the terms of the agreement. The Parks did not provide a "number," and therefore, by default, the Court chose the only number given to it. The District Court's construction of the Agreement and actions thereon reflected "the most reasonable, probable and natural" reading of the agreement "bearing in mind the objects manifestly to be accomplished."[17]

## IV.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's order granting defendants' motion to enforce the settlement agreement.

---

[15] *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436-37 (3d Cir. 2005) (citing the "basic common law contract principle[]" that a written agreement is not necessary to render a settlement enforceable, unless specific court rules are to the contrary); *Mazzella*, 739 A.2d at 536.

[16] *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d Cir. 2004); *see U.S. Fire Ins. Co. v. Royal Ins. Co.*, 759 F.2d 306, 308 (3d Cir. 1985) (describing a high-low settlement agreement).

[17] *Unit Vending Corp. v. Lacas,* 190 A.2d 298, 300 (Pa. 1963).